# EXHIBIT 6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

GREENBUSH BREWING CO, a Michigan
corporation,

          Plaintiff,

v

MICHIGAN LIQUOR CONTROL
COMMISSION, ANDREW J. DELONEY,
Chairman, in his official Capacity; KURT COX
Grand Rapids District Supervisor, in his official
capacity and JON REEDER, Regulation Agent and
Investigator, in his official capacity,

          Defendants.

Honorable:

Case No:

**AFFIDAVIT OF ANNA RAFALSKI**

MILLER, CANFIELD, PADDOCK
AND STONE, PLC
Joseph M. Infante (P68719)
Christopher J. Gartman (P83286)
99 Monroe Avenue NW, Suite 1200
Grand Rapids, MI  49503
(616) 776-6333
infante@millercanfield.com

**AFFIDAVIT OF ANNA RAFALSKI**

STATE OF MICHIGAN       )
                         ) SS.
COUNTY OF  Berrien   )

     Anna Rafalski, being first duly sworn, deposes and says as follows:

1. I have firsthand knowledge of the facts contained herein, am competent to testify as to these facts and will do so if called as a witness.

2. I am the Director of Operations of Greenbush Brewing Co, LLC (hereinafter "Greenbush").

3. On June 19, 2019, MLCC investigators entered Greenbush's licensed premises stating that they were looking for bonded wine.

4. I informed the investigators that we had bonded wine and cider and showed them where this product was located.

5. The investigators asked me if Greenbush fermented the cider and wine we had on hand and I responded no.

6. The investigators then asked me if Greenbush had the knowledge to ferment cider and wine and I responded yes.

7. Finally, the investigators asked me if Greenbush had the equipment to ferment cider and wine and I responded yes.

8. I also told the investigators that Greenbush does ferment cider and blends wine to make sangria.

9. The agents also informed me that the cider Greenbush ferments and the sangria we blend was not sufficient to comply with Michigan law.

10. At one point during our meeting, the MLCC enforcement agents told me that they were leaving for lunch and would return with a search warrant.

11. The agents returned after lunch but did not present me with a search warrant.

12. The agents then seized all of Greenbush's wine and cider inventory and impounded it at Greenbush's premises. I was told that Greenbush could not move or use the inventory.

13. The confiscated wine inventory has a retail value of about $7200.

14. In our conversations, the investigators were very vague in responding to questions as to what was allowed by Michigan law. First, I interpreted their vague statements to mean we needed to ferment on site all of the wine we sell. Later, the investigators made it seem like we need to modify in some way all of the bonded wine we received. In another instances they told me that buying shiners was illegal.

15. Because of how vague the investigators were, I asked the investigators several questions and presented several scenarios in an attempt to determine what would be compliant. This including hypotheticals such as adding fruit juice to cider, adding flavorings and repackaging bonded wine we received. In responding to my hypotheticals, the two investigators did not agree amongst themselves. One responded that these hypotheticals would be compliant while the other responded that he did not think they were.

16. As of today, I am unsure whether the hypotheticals we discussed are allowed or not allowed.

Anna Rafalski

Subscribed and sworn to before me this ⊥⊥ day of July , 2019.

RACHEL A. LANG
Notary Public - Michigan
Berrien County
My Commission Expires Feb. 12, 2021
Acting in the County of _____

Notary Public
County of _BERRIEN_ , Michigan
My Commission Expires: _2-12-2021_
Acting in _BERRIEN_ County, Michigan

33987574.1\156050-00001