UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREENBUSH BREWING CO., ET AL.,    )
              Plaintiff,          )
                                  )        No. 1:19-cv-536
-v-                               )
                                  )        HONORABLE PAUL L. MALONEY
MICHIGAN LIQUOR                   )
CONTROL COMMISSION, ET AL.,       )
              Defendants.         )
_____   )

## ORDER

This matter is before the Court on Plaintiffs' *ex parte* motion for a temporary restraining order to enjoin the Defendants from enforcing certain provisions of the Michigan Liquor Control Code and for immediate return of their seized inventory.

The decision to grant or deny a temporary restraining order falls within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) ("The district court's decision to grant a temporary restraining order, when appealable, is reviewed by this court for abuse of discretion.") (quoting *Northeast Ohio Coalition for Homeless and Service Employees Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).

Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party *before the adverse party can be heard in opposition to the motion*. Fed. R. Civ. P. 65(b)(1)(A)(emphasis added).

Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B).

Plaintiffs have not met these threshold requirements. While they argue that irreparable harm will result from their continued inability to sell bonded wine at their premises because of the loss of consumer goodwill, they have not satisfied the Court that any truly irreparable harm will occur before the Defendants can be heard on the motion. Additionally, Plaintiff have not explained why notice should not be required under these circumstances.

Accordingly, Plaintiff's motion for a temporary restraining order is **DENIED.** The Court shall schedule a preliminary injunction at its earliest convenience.

**IT IS SO ORDERED.**

Date:  July 15, 2019                                  /s/ Paul L. Maloney
                                                     Paul L. Maloney
                                                     United States District Judge