

D.  . OF LICENSING AND REGULATORY AF.  .RS
**MICHIGAN LIQUOR CONTROL COMMISSION (MLCC)**
525 Allegan St. - P.O. Box 30005
Lansing, Michigan 48933
Phone (517) 284-6330 ~ FAX (517) 763-0052

RECD JUL 1 ? 2019

**VIOLATION REPORT**
(Authorized by P.A.58 of 1998)

CV-505344

| License Number | Business ID 225166 | File Number |
|---|---|---|
| Name of Licensee GREENBUSH BREWING CO. | Doing Business As Greenbush Brewing | |

| Mailing Address (street, city, zip code) 5885 Sawyer Road, Sawyer MI  49125 |
|---|

| Township Chickaming Twp | County Berrien |
|---|---|

| Type of License(s) & Permit(s) Small Winemaker and Micro Brewer, ODS, off premise storage |
|---|

| Date of violation:  6-16-2019 | Day | Date  Licensing year 2019 | Time |
|---|---|---|---|

Violation Type Charges:

**MCL 436.2003** False and fraudulent statements.  Specifically, at the time of licensure during licensing year 2015 represented to the Commission that it would be manufacturing or producing or bottling wine alcohol as a Small Winemaker when in fact the licensee never did use it's equipment on it's premises to manufacture or bottle wine alcohol and\or does not manufacture any of the wine alcohol it sells.

**R 436.1029**  Fail to obey Commission Order; failure to obey Commission Order which approved the issuance of the Small Winemaker license (RID # 801428) by not properly bottling and\or manufacturing wine and failure to follow the conditions and requirements listed in the Order including #A-10 and #C.

**MCL 436.1901(3)**  Sold, offered or kept for sale, furnished or possessed alcoholic liquor (wine) which was not authorized by the license issued to the licensee by the Commission.

**MCL 436.1901(6)**  Sold, offered or kept for sale, furnished or possessed alcoholic liquor (wine) which was not authorized by the license issued to the licensee by the Commission.

**MCL 436.1217** Fail to produce requested business record, specifically, "Report of Wine Premises Operations" TTB form(s) # 5120.17 for year to date 2019

**MCL 436.1609**  Accepted aid or assistance from another vendor, FENN VALLEY VINEYARDS, INC

**R 436.1041** Allowed FENN VALLEY VINEYARDS, INC, whose names does not appear on the license, to derive use or benefit from the license

**MCL 436.1609**  Accepted aid or assistance from another vendor, VANDERMILL, LLC

**R 436.1041** Allowed VANDERMILL, LLC, whose names does not appear on the license, to derive use or benefit from the license

*Jon Reeder*

Officer Signature _____ Name and Title Investigator, MLCC Enforcement
Department Name MLCC Enforcement    Telephone Number 616-447-2647

2019 JUL 22 PM 1:17
ENFORCEMENT
MLCC

LC-600 Rev. 03/05 4880-2362

**EXHIBIT 1**

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically "APPLE RASPERRY" Hard Cider

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically "BLUE GOLD" Hard Cider

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically "TOTALLY ROASTED" Hard Cider

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically "CHERRY CHUCKLE" Hard Cider

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically PINOT GRIGIO wine

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically MERITAGE LMS wine

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically CAPRICCIO wine

R 436.1719  Selling and keeping for sale, wine alcohol product not registered with MLCC, specifically BUBBLING DEMI wine

R 436.1015  Fail to properly display a liquor license and permits; license was not signed.

During the course of a routine MLCC complaint investigation generated by MLCC Finance Division, MLCC Investigator REEDER and MLCC Enforcement Division District Supervisor COX determined that the above licensed establishment has been 1) selling wine alcohol products which were not registered with MLCC Finance Division as required by R 436.1719, 2) had obtained finished and bottled wine alcohol product via unauthorized sources in violation of MCL 436.1901, 3) had obtained deliveries of finished wine alcohol product from other licensed Winemakers, specifically, FENN VALLEY VINEYARDS, INC and VANDERMILL, LLC, which are not authorized by MLCC to sell bottled wine to another winemaker unless that other winemaker also manufactures or bottles it's own wine) 4) had allowed another winemaker FENN VALLEY VINEYARDS, INC to obtain use and benefit of their license and gain financial benefit through the sale of their wine product in violation of R 436.1041, 5) had allowed another winemaker VANDERMILL, LLC to obtain use and benefit of their license and gain financial benefit through the sale of their wine product in violation of R 436.1041, 6) had accepted aid and assistance from another licensee, FENN VALLEY VINEYARDS, INC in violation of R 436.1609, 7) had accepted aid and assistance from another licensee, VANDERMILL, LLC in violation of R 436.1609, and 8) had made false statements and misled MLCC Investigator SCHMIDT and the Commission during the preliminary investigation (REQ ID # 801428) for licensure as Small Winemaker by making representations and statements that the above licensed establishment would be manufacturing their own wine or bottling their own wine for sale and using wine manufacturing or bottling equipment purchased, installed, and located on the premises to do so.
The above establishment has NOT, to date, manufactured any wine alcohol that is sold on the premises.
The above establishment has NOT, to date, registered with MLCC any of the wine or hard cider alcohol products that they sell and keep for sale.

*Jon Reeder*

Officer Signature _____  Name and Title Investigator, MLCC Enforcement
Department Name MLCC Enforcement   Telephone Number 616-447-2647

**EXHIBIT 1**

On 6-19-19,  MLCC Investigators . ...EDER and MLCC ENFORCEMENT DISTR... .. SUPERVISOR COX contacted the above establishment, identified themselves, and made contact with Director of Operations ANNA RAFALSKI and Warehouse Manager and Brewer JOSEPH HINMAN.  RAFALSKI stated that she was in charge and knowledgeable about the manufacturing that takes place on the premises, which products are made and then sold to the public, general operations of the establishment, and the paperwork which is filed for MLCC.
RAFALSKI stated to MLCC Investigators that the owner, SCOTT SULLIVAN, was away out of state on vacation and was unavailable.
HINMAN stated he is knowledgeable about the manufacturing that takes place on the premises and which products are made and then sold to the public.
MLCC Investigators asked to see where and how the licensed establishment manufactures wine and hard cider.
RAFALSKI and HINMAN stated that the establishment does NOT manufacture wine or hard cider.
MLCC Investigators asked to see the equipment they have installed to manufacture wine or hard cider even if they do not actually manufacture wine or hard cider.
RAFALSKI and HINMAN stated that they do not have any equipment installed to manufacture wine.
RAFALSKI and HINMAN stated that they manufacture beer and have beer manufacturing equipment installed.
RAFALSKI and HINMAN stated that, theoretically, they could convert some of their beer manufacturing equipment and processes over to manufacture hard cider if they wanted, but they do not do that as a practice.

MLCC Investigators asked about the wine that the establishment sells and which was located and stored on the licensed premises.
RAFALSKI stated that currently they get all of their wine that they sell from FENN VALLEY, but were considering purchasing wine from other wine makers in the future.   RAFALSKI stated that they purchase and receive FENN VALLEY wine from FENN VALLY in the form 750ml bottles with no labels on them and 1/6th barrel kegs which are marked FENN VALLEY.
RAFALSKI stated that they sell the wine directly from the unmarked 750ml bottles and via draft directly from the 1\6$^{th}$ barrel kegs that they receive from FENN VALLEY.

MLCC Investigators asked about the hard cider that the establishment sells and which was located and stored on the licensed premises.
RAFALSKI stated that currently they get all of their hard cider that they sell from VANDER MILL.   RAFALSKI stated that they purchase and receive VANDER MILL hard cider from VANDER MILL  in the form of 1/2 barrel kegs which are marked VANDER MILL
RAFALSKI stated that they sell the hard cider via draft directly from the 1\2 barrel kegs that they receive from VANDER MILL.

MLCC Investigators searched and inspected the premises, observed FENN VALLEY wine and VANDER MILL hard cider on the premises, examined and obtained wine reports and records, and took statements from HINMAN and RAFALSKI.

MLCC District Supervisor COX requested a "Report of wine Premises Operations" TTB form(s) 5120.17 that would have been completed by the licensed business and submitted to the TTB for 2019 year to date from RAFALSKI.
RAFALSKI stated she did not have any available on hand for inspection by MLCC Investigators, but that she would produce one later if she could locate and obtain the forms and specific TTB paperwork from their accountant.   To date, licensee has NOT produced the requested completed and submitted "Report of Wine Premises Operations" TTB form(s) 5120.17 to MLCC Investigators.

Investigation revealed that the licensed establishment was NOT **manufacturing** any wine or hard cider that was on the premises or that it was currently selling.

Investigation revealed that the licensed establishment was NOT **bottling** wine or hard cider based on the facts it was not purchasing wine or hard cider in bulk, was not transferring the wine or hard cider from bulk into another vessel prior to sale, was not always labeling the wine\hard cider with their own label, and had not registered with the MLCC, the wine and hard cider that it was selling and keeping for sale.

Search of MLCC database by MLCC District Supervisor COX on 7-16-19 verified that the licensed establishment has not registered  any wine products ever with the MLCC since being licensed by MLCC as required by R 436.1719.  The FENN VALLEY wine and VANDER MILL hard cider purchased and then sold by GREENBUSH BREWING CO. was not registered by GREENBUSH BREWING CO. with MLCC.   Licensed establishment was ordered by Commission Order (RID# 801428) dated 11-18-2015 upon being licensed as Small Winemaker under section # A-10 to not sell wine products unless they had registered them with MLCC.  Licensee has failed to obey the Commission Order in violation of R 436.1029.  Copy of Commission Order attached.

**EXHIBIT 1**

RAFALSKI and HINMAN were then advised by MLCC Investigators that they are required by MLCC rules and regulations to either manufacture some wine\hard cider themselves or bottle some wine\hard cider themselves.
RAFALSKI and HINMAN were advised by MLCC Investigators that the licensed establishment could not just simply purchase all of their wine and hard cider from other sources including other wine makers and sell same to the public without manufacturing or bottling some wine\hard cider themselves.
RAFALSKI acknowledged and advised that they would change some of their processes and ways of doing things to comply.

The wine from FENN VALLEY on the premises and the hard cider from VANDERMILL on the premises was then impounded by MLCC Investigators onsite.   Licensed establishment requested some time to consolidate the wine and hard cider into one spot in their cooler warehouse.  MLCC Investigators REEDER AND COX agreed and left the premises for approximately 1 hour and later returned to the licensed establishment.

Upon returning to the establishment, MLCC Investigators observed all of the FENN VALLEY wine and VANDERMILL hard cider on a pallet in the cooler warehouse.
RAFALSKI then approached MLCC Investigators and stated that she had just spoken with their attorney, JOE INFANTE on the phone, and that their attorney had told them to tell MLCC Investigators that they make wine and make hard cider.

MLCC Investigators asked why they were now saying they DO manufacture wine and cider, but had indicated earlier they did DID NOT manufacture prior to talking with their attorney.
MLCC Investigators then asked for specific examples of what they were manufacturing.

RAFALSKI stated that they had made sangria ONCE for one special event in the past and had made about 4 gallons of sangria (wine mixed with fruit\fruit juice).
RAFALSKI stated that they do not manufacture sangria on a regular and ongoing basis.
MLCC Investigators asked for any documents or documentary evidence including any wine reports and production paperwork that could prove or verify that they made sangria once in the past.
RAFALSKI stated that she had no proof or documents or documentary evidence of making sangria once in the past.

RAFALSKI stated that they had made some "test batches" of hard cider on their beer making equipment in the past, but it did not turn out well and was destroyed by dumping the test batches down the drain after completion.
RAFALSKI stated that they do not manufacture hard cider "test batches" on a regular and ongoing basis.
MLCC Investigators asked for any documents or documentary evidence including any wine reports and production paperwork that could prove or verify that they made hard cider test batches in the past.
RAFALSKI stated that she had no proof or documents or documentary evidence of making hard cider test batches in the past.

RAFALSKI stated that they made beer with some hard cider blended in it.
RAFALSKI stated that the product was registered with MLCC as a beer and that they pay beer taxes on the product.
MLCC Investigators advised that the product is considered beer, not wine by MLCC.

**EXHIBIT 1**

It was noted by MLCC Investigators that a recent State of Michigan law change created a new definition of "Manufacturing" under MCL 436.1109(1)

**"Manufacture" means to distill, rectify, ferment, brew, make, produce, filter, mix, concoct, process, or blend an alcoholic liquor or to complete a portion of 1 or more of these activities. Manufacture does not include bottling or the mixing or other preparation of drinks for serving by those persons authorized under this act to serve alcoholic liquor for consumption on the licensed premises. In addition, manufacture does not include attaching a label to a shiner. All containers or packages of alcoholic liquor must state clearly the name, city, and state of the bottler.**

Investigation revealed that the licensee was unable to verify or prove that they had manufactured wine on the premises in the past and it was revealed that the establishment does not currently sell or have in storage any wine that it manufactures or bottles on the premises.

Investigation revealed that all finished and bottled wine alcohol on the premises WAS NOT manufactured by the above licensee and WAS NOT bottled by the licensee.

Investigation revealed that the above licensee DID NOT further rectify, distill, flavor, blend or process in any way, the wine alcohol on the premises that was impounded by MLCC Investigators.

All wine and hard cider alcohol on the premises was deemed to be unauthorized alcohol from unauthorized sources in violation of MCL 436.1901(3) and 436.1901(6) and unregistered wine product in violation of R 436.1719 and was impounded on site by MLCC Investigators as contraband and evidence.  Photos of impounded product were taken. MLCC impound order was written and issued to licensee and RAFALSKI was given a coy of the MLCC Impound Order.

See attached MLCC Impound Order.

Investigation revealed that above licensee had allowed FENN VALLEY VINEYARDS, INC to obtain use and benefit of their license and allowed FENN VALLEY VINEYARDS, INC improve their market position and obtain greater financial position by purchasing and selling their wine alcohol product in violation of R 436.1041 and by doing so provided aid and assistance to each other in violation of MCL 436.1609.

Investigation revealed that above licensee had allowed VANDERMILL, LLC to obtain use and benefit of their license and allowed VANDERMILL, LLC improve their market position and obtain greater financial position by purchasing and selling their wine alcohol product in violation of R 436.1041 and by doing so provided aid and assistance to each other in violation of MCL 436.1609.

Investigation revealed that the above licensee made false representations and misled MLCC Investigator SCHMIDT who conducted the licensing preliminary investigation (REQ ID # 801428) and also the Commission during licensure as the licensee represented at that time that it would be manufacturing or producing or bottling wine and hard cider alcohol as a Small Winemaker when in fact the licensee does not currently produce wine or hard cider alcohol, does not and has not yet ever manufactured and produced any wine alcohol that it sells, and does not bottle wine with such statements made for the purpose of inducing the Commission to act or refrain from acting in violation of MCL 436.2003.

*Jon Reeder*

Officer Signature _____    Name and Title Investigator,  MLCC Enforcement
Department Name MLCC Enforcement    Telephone Number 616-447-2647

**EXHIBIT 1**