UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREENBUSH BREWING CO., a Michigan Corporation, MICHIGAN CIDER ASSOCIATION, a Michigan Nonprofit Corporation, FARMHAUS CIDER CO., a Michigan Corporation and VANDER MILL, LLC, a Michigan Limited Liability Company,

    Plaintiffs,

v.

MICHIGAN LIQUOR CONTROL COMMISSION, ANDREW J. DELONEY, Chairman, in his official capacity; KURT COX, Grand Rapids District Supervisor, in his official capacity and JON REEDER, a Regulation Agent and Investigator, in his official capacity,

    Defendants.

No. 1:19-cv-536

HON. PAUL L. MALONEY

MAG. PHILLIP J. GREEN

_____/

| | |
|---|---|
| Joseph M. Infante (P68719) | Adam M. Leyton (P80646) |
| Christopher J. Gartman (P83286) | Jason A. Geissler (P69322) |
| Attorneys for Plaintiffs | Felepe H. Hall (P59533) |
| Miller, Canfield, Paddock and Stone, PLC | Assistant Attorneys General |
| 99 Monroe Avenue NW, Suite 1200 | MI Dept. of Attorney General |
| Grand Rapids, MI 49503 | Attorneys for Defendants |
| (616) 776-6333 | Alcohol & Gambling Enf. Div. |
| infante@millercanfield.com | 525 W. Ottawa Street, 1st Floor |
| gartman@millercanfield.com | Lansing, MI 48933 |
| | 517-241-0210 |
| | leytona1@michigan.gov |
| | geisslerj@michigan.gov |
| | hallf2@michigan.gov |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY PURSUANT TO FED. R. CIV. P. 26(c)(1).

For the reasons below and for those set forth in the accompanying Brief, Defendants Michigan Liquor Control Commission, Andrew Deloney, Kurt Cox and Jon Reeder, by counsel, move for a protective order staying discovery pending disposition of the Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 26(c)(1).

1. On July 3, 2019, Plaintiffs filed a complaint requesting injunctive, declaratory, and monetary relief.

2. Plaintiffs' legal claims for relief against the Defendants are contained within three Counts. Count I asserts a claim of federal preemption of state laws. Count II asserts a claim that Mich. Comp. Laws §§ 436.1109(1) and 436.1204a are void for vagueness. Count III asserts a claim that Defendants violated the Fourth Amendment of the United States Constitution by seizing kegs of wine during an administrative inspection at Plaintiff Greenbush Brewing Co.

3. On August 1, 2019, the Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) arguing that Plaintiffs' complaint be dismissed for failure to state a claim upon which relief can be granted. As explained more thoroughly in Defendants' Brief and Reply Brief in support of its Motion to Dismiss, Plaintiffs' federal preemption claim fails because they cite federal laws that are not in the same field and do not conflict with the

state laws at issue. Likewise, Plaintiffs' vagueness claim fails because they do not show that Mich. Comp. Laws §§ 436.1109(1) and 436.1204a cannot be understood by persons of ordinary intelligence and lack appropriate standards to prevent arbitrary enforcement. Finally, Plaintiffs' Fourth Amendment claim fails because the Defendants' seizure was authorized by the closely regulated industry exception to the warrant requirement and meets the criteria established by the Supreme Court in *New York v. Burger*, 482 U.S. 691 (1987).

4. On October 8, 2019, with Defendants' dispositive motion pending, and prior to any scheduling conference, the Plaintiffs served interrogatories, requests to produce, and requests for admissions on Defendants.

5. Until this Court rules on Defendants' pending dispositive motion and determines that Plaintiffs have a viable legal theory upon which to proceed, Defendants should be relieved of the time, burden, and expense involved in responding to interrogatories, document requests, and admission requests pursuant to Fed. R. Civ. P. 26(c)(1).

6. Defendants should not be faced with the burden and expense of discovery when they have failed to plead cognizable legal claims, *see Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007).

7. Moreover, Plaintiffs discovery requests have been served prematurely pursuant to Fed. R. Civ. P. 26(d)(1). No Rule 26(f) conference has taken place, this is not a proceeding exempted from initial disclosures, and

discovery has not been authorized by the Federal Rules of Civil Procedure, a stipulation, or court order.

8. Counsel for the moving Defendants certifies that he contacted Plaintiffs' counsel in good faith to seek concurrence in the relief sought herein and his request was denied, thereby necessitating this motion.

**WHEREFORE**, Defendants respectfully request that this Court grant their Motion for a Protective Order and stay discovery until such time as the Court renders a decision on Defendants' pending Motion to Dismiss.

Respectfully submitted,

Dana Nessel
Attorney General

/s/ Adam M. Leyton
Jason A. Geissler (P69322)
Felepe H. Hall (P59533)
Assistant Attorneys General
Attorneys for Defendants
Alcohol & Gambling Enforcement Div.
525 W. Ottawa St., 1st Floor
Lansing, MI  48933
(517) 241-0210
LeytonA1@michigan.gov
P80646

Dated:  October 29, 2019