UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GREENBUSH BREWING CO., et al., ) | |
| Plaintiffs, ) | |
| ) | No. 1:19-cv-536 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| MICHIGAN LIQUOR CONTROL COMMISSION, ) et al., ) | |
| Defendants. ) | |
| ) | |

## ORDER DENYING MOTION TO STAY DISCOVERY

This matter is before the Court on Defendants' motion to stay discovery (ECF No. 25). Defendants seek to avoid responding to Plaintiffs' discovery requests while Defendants' motion to dismiss (ECF No. 17) is pending.

Federal Rule of Civil Procedure 26(c)(1)(A) provides, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." To establish "good cause," the party seeking a protective order "must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.'" *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 242 (D.D.C. 1987)).

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg Laborers Local 310 Fringe Benefit Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn*

*v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.' " *Gettings*, 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). But the mere filing of a dispositive motion does not warrant the issuance of a stay. *Hayes v. Liberty Mut. Group Inc.*, Case No. 11-15520, 2012 WL 1564697 at *7 (E.D. Mich. May 2, 2012); see also *City of Lancaster v. Flagstar Bank, FSB*, Case No. 2:10-cv-01041, 2011 WL 1326280 at *3 (S.D. Ohio Apr. 5, 2011) (collecting cases).

In this case, Defendants contend that the requisite "good cause" is avoiding the "burden and expense of responding to discovery while their Motion to Dismiss is pending" (ECF No. 26 at PageID.671). Defendants contend that their motion to dismiss will resolve the entire case on the pleadings; Plaintiffs argue the opposite and maintain that several issues of fact remain in dispute, so discovery is necessary. As noted above, the mere presence of a dispositive motion is insufficient to stay discovery. Because the parties' arguments on the instant motion rely solely on the presence of the motion to dismiss, the arguments now before the Court are necessarily intimately connected with the merits of the case. To decide this motion based on Defendants' argument that their motion to dismiss will ultimately prevail would require this Court to make a preliminary determination on the merits. The Court declines to make such a determination at this time.

The Court also notes that Defendants have failed to show that they will suffer a 'clearly defined and serious injury' if they respond to Plaintiffs' discovery. *See Nix*, 11 F. App'x at 500. Defendants have not identified any undue burden that would be imposed by Plaintiffs'

requested discovery, nor have they explained how Plaintiffs' requests might prejudice them. Beyond the standard time and expense required to respond to discovery requests, Defendants have not explained what injury they are at risk of suffering.

For the above reasons, the Court finds that Defendants have failed to show good cause to stay discovery as required by Rule 26. Accordingly, Defendants' motion to stay discovery (ECF No. 25) is **DENIED.**

**IT IS SO ORDERED.**

Date: November 20, 2019              /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     United States District Judge